UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LEONARD GONZALEZ,

             Petitioner,

    -vs-

WILLIAM LAPE,

             Respondent.

_____

**DECISION AND ORDER**
**No. 09-CV-00917T**

## I.   Introduction

Petitioner Leonard Gonzalez ("Petitioner"), through counsel, has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered January 28, 2008, in New York State, County Court, Erie County (Shirley Troutman, J.), convicting him, after a jury trial, of Criminal Possession of a Controlled Substance in the Fourth Degree (N.Y. Penal Law ("Penal Law") § 220.09[1]).   Petitioner was sentenced to a determinate term of imprisonment of nine years, followed by three years of post release supervision.

For the reasons stated below, habeas relief is denied and the petition is dismissed.

## II.  Factual Background and Procedural History

On December 8, 2006, at approximately 6:40 p.m., Buffalo Police Department narcotics detectives arrived at 14 French Street

in the City of Buffalo to execute a search warrant, which was obtained after Detective Niemann and his partner had surveilled the house at that address for fourteen to twenty days.  During that period, Detective Niemann had seen Petitioner seated in a vehicle in front of the house at least five or six times and had twice seen Petitioner enter the house.  Trial Trans. [T.T.] 101-104.

The detectives and other police officers arrived on the day in question and found Petitioner sitting in a car in front of 14 French Street.  Detective Niemann pulled next to Petitioner's vehicle and blocked the driver's side door to prevent him from getting out.  While Officer Lopez monitored the house to make sure no one escaped, an entry team broke down the front door.  Detective Niemann entered the house first to make sure it was clear, and found the house vacant.  The other officers then searched the home. T.T. 108-110.

As the narcotics officers searched inside the house, Officers McCarthy and Colon detained Petitioner outside.  They removed him from the car, handcuffed him, and searched him.  They found a set of keys and four hundred ninety dollars in cash on his person. T.T. 173-178, 224.

Detective Redmond went into a downstairs room and found a plate and a razor.  Detective Mulhern found small pieces of suspected crack cocaine on the base of a cabinet located in the first room on the right.  Detectives Redmond and Mulhern notified

Lieutenant Lyon, who was designated as the evidence control officer, of their respective discoveries. T.T. 162, 188, 243-247.

Officer Lopez, who had secured the perimeter, entered the house approximately five minutes after the narcotics team had started searching. Officer Lopez found fourteen plastic bags containing white rocks, and notified members of the narcotics team. T.T. 235, 240.

After the house was cleared and the warrant executed, Officer McCarthy brought Petitioner inside the house and obtained pedigree information from him, during which time Petitioner indicated that he resided at 37 French Street. T.T. 116, 174-177.

Lieutenant Lyon placed the evidence into bags and submitted them to the Central Police Services Lab for testing. Daniel Murtha, Ph.D., a forensic chemist, testified that the combined weight of the materials containing suspected controlled substances was 3.87 grams. The fourteen bags had a total weight of 3.05 grams, and the loose rocks had a total weight of 0.82 grams. A portion of each sample -- the fourteen packages and the loose rocks -- was tested for and determined to contain cocaine. T.T. 191-206, 270, 275-277. On cross-examination, Dr. Murtha testified that the sample pertaining to the loose rocks found in the cabinet also contained "stones," which, according to him, "aren't normally contained in crack cocaine." T.T. 280-281.

Under Indictment No. 00139-2007, Petitioner was charged with Criminal Possession of a Controlled Substance in the Fourth Degree. <u>See</u> Indict. No. 00139-2007 at Resp't Ex A.  After a jury trial, he was found guilty as charged and sentenced as a second felony offender to a determinate term of imprisonment of nine years, followed by a three year period of post release supervision. Sentencing Mins. [S.M.] 4, 8.

The Appellate Division, Fourth Department ("Fourth Department") unanimously affirmed the judgment of conviction on December 31, 2008, and leave to appeal was denied.  <u>People v. Gonzalez</u>, 57 A.D.3d 1477 (4th Dep't 2008); <u>lv. denied</u>, 11 N.Y.3d 925 (2009), <u>recons. denied</u>, 12 N.Y.3d 758 (2009).

No collateral motions were filed.

This habeas corpus petition followed, wherein Petitioner seeks relief on the basis that the evidence was legally insufficient to support his conviction.  <u>See</u> Pet. ¶ 12A (Dkt. # 1); Reply (Dkt. # 5).

## III. General Principles Applicable to Habeas Review

### A.    The AEDPA Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2).  A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000).  The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10.  "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001).  Rather, "[t]he state

court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

## B.   Exhaustion Requirement

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838,

843-44 (1999);  accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995).  "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).

## IV.  Petitioner's Claim

Petitioner claims, as he did on direct appeal, that the evidence was legally insufficient to sustain his conviction for Criminal Possession of a Controlled Substance in the Fourth Degree. Specifically, he argues that the People failed to establish "[his] possession of the entire aggregate weight of the mixture of a substance containing cocaine." See Pet. ¶ 12A, Page 6B.  The Fourth Department rejected this claim on the merits.[1]   See Gonzalez, 57 A.D.3d at 1477-1478.  This claim is meritless.

As an initial matter, the parties dispute whether this claim is exhausted.  Respondent contends that the claim is unexhausted to the extent that Petitioner failed to apprise the Fourth Department of the federal constitutional dimension of his claim when he raised

---

[1]

The Fourth Department held as follows: "Defendant's lack of knowledge of the aggregate weight of the controlled substance is irrelevant, and defendant's contention that the presence of stones improperly inflated the aggregate weight of the mixture containing the controlled substance is equally unavailing.  The weight of the mixture containing the narcotic, rather than the weight of the actual narcotic content of the mixture, determines the degree of the crime.  Also contrary to defendant's contention, the People presented evidence establishing that the defendant exercised dominion and control over the areas within the house where the cocaine was found." Gonzalez, 57 A.D.3d at 1478 (internal citations omitted).

it on direct appeal.  <u>See</u> Resp't Mem. of Law at 5.  Petitioner asserts that the claim is exhausted to that extent that "[he] clearly apprised the court below of the nature of his constitutional claim, to wit: that the evidence was legally insufficient to sustain a guilty verdict."  Reply at 3.  The Court agrees with Petitioner and finds that the claim is exhausted.  As discussed above, "[t]he exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts."  <u>Daye</u>, 696 F.2d at 191.  The manner in which a state defendant may fairly present to the state courts the constitutional nature of his claim include:  reliance on pertinent federal cases employing constitutional analysis;  reliance on state cases employing constitutional analysis in like fact situations;  assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution; and allegation of a pattern of fact that is well within the mainstream of constitutional litigation.  <u>See</u> <u>id.</u> at 194.  Here, as Petitioner points out in his Reply, he relied on state precedent which employed pertinent constitutional analysis of sufficiency of the evidence claims.  <u>See</u> Reply at 3; <u>see</u> <u>also</u> Pet'r Br. on Appeal at 6.  Indeed, as Petitioner argues, the manner in which this claim was argued on direct appeal implicates the Due Process Clause of the Fourteenth Amendment, which protects a defendant in a criminal case against conviction "except upon proof beyond a reasonable

doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). Thus, the Court finds that Petitioner fairly apprised the Fourth Department of the federal constitutional dimension of this claim. The Fourth Department subsequently rejected this claim on the merits, and Petitioner then raised this issue in his leave application to the New York Court of Appeals. See Leave Application of 01/05/09 at Resp't Ex. C. Accordingly, the claim is exhausted for purposes of federal habeas review, and the Court now turns to the merits of the claim.

A petitioner challenging the sufficiency of the evidence of his guilt in a habeas corpus proceeding "bears a very heavy burden." Fama v. Comm. of Corr. Services, 235 F.3d 804, 813 (2d Cir. 2000). Habeas corpus relief must be denied if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). This sufficiency-of-evidence "inquiry does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." Herrera v. Collins, 506 U.S. 390, 402 (1993). Stated differently, the reviewing court must determine "whether the jury, drawing reasonable inferences from the evidence, may fairly

and logically have concluded that the defendant was guilty beyond
a reasonable doubt . . . view[ing] the evidence in the light most
favorable to the government, and constru[ing] all permissible
inferences in its favor." United States v. Carson, 702 F.2d 351,
361 (2d Cir. 1983) (internal citations omitted), cert. denied sub
nom. Mont v. United States, 462 U.S. 1108 (1983).  A federal court
reviewing an insufficiency-of-the-evidence claim must look to state
law to determine the elements of the crime. Quartararo v.
Hanslmaier, 186 F.3d 91, 97 (2d Cir. 1999) (citation omitted),
cert. denied, 528 U.S. 1170 (2000).

Under Penal Law § 220.09[1], "[a] person is guilty of criminal
possession of a controlled substance in the fourth degree when he
knowingly and unlawfully possesses one or more preparations,
compounds, mixtures or substances containing a narcotic drug and
said preparations, compounds, mixtures or substances are of an
aggregate weight of one-eighth ounce[2] or more."   Penal Law
§ 220.09[1].

First, to the extent Petitioner challenges the sufficiency of
the evidence on the basis that the People failed to prove beyond a
reasonable doubt that Petitioner knowingly possessed a controlled
substance because he was unaware of the aggregate weight of the
controlled substance, such a challenge fails.  Under New York law

---

[2]

Detective Niemann testified at trial that "there's 3.54 grams in one eighth
of an ounce."  T.T. 126.

Petitioner's lack of knowledge of the aggregate weight of the controlled substance is irrelevant. <u>See</u> <u>People v. Green</u>, 32 A.D.3d 1181 (4th Dep't 2006), <u>lv. denied</u>, 7 N.Y.3d 902 (2006); <u>see</u> <u>also</u> Penal Law § 15.20[4] ("Notwithstanding the use of the term 'knowingly' in any provision of this chapter defining an offense in which the aggregate weight of a controlled substance . . . is an element, knowledge by the defendant of the aggregate weight of such controlled substance . . . is not an element of any such offense and it is not . . . a defense to a prosecution therefor that the defendant did not know the aggregate weight of the controlled substance . . . .").

Second, to the extent Petitioner suggests that the People failed to prove beyond a reasonable doubt that the aggregate weight of the controlled substance met the statutory threshold, such a claim also fails. Petitioner argues that the presence of "benign stones were a contributing factor to the aggregate weight of the controlled substance; without the stones, the aggregate weight of the substance containing cocaine is actually unknown and the People failed to present evidence that the weight exceeded 3.52 grams." Reply at 5.

The evidence presented at trial established that, in the course of executing a search warrant at 14 French Street, police discovered "numerous small rocks of a yellowish-white substance" in the base of a cabinet, along with fourteen plastic bags containing

white rocks. Police believed the rocks to be crack cocaine. The police then placed the evidence into bags and submitted them to the Central Police Services Lab for testing. Dr. Murtha testified that the combined weight of the materials that the police believed contained controlled substances was 3.87 grams (the fourteen bags had a total weight of 3.05 grams, and the loose rocks had a total weight of 0.82 grams). A portion of the materials tested positive for the presence of cocaine.

Under New York law, it is the weight of the mixture containing the narcotic, rather than the weight of the actual narcotic content, that determines the degree of the crime. <u>People v. La Porta</u>, 56 A.D.2d 983, 984 (3rd Dep't 1977) ("There is no question of the constitutional validity of the standard provided for determining the degree of the crime by the quantity or weight of the mixture or compound containing the narcotic, rather than by the quantity or weight of the actual narcotic content of the mixture."). Here, the combined weight of the materials found inside the cabinet and those inside the fourteen bags exceeded an eighth of an ounce.

In Petitioner's case, there was sufficient evidence for a rational fact-finder to conclude that the prosecution met its burden of proving that Petitioner "knowingly and unlawfully possessed one or more preparations, compounds, mixtures or

substances containing a narcotic . . . of an aggregate weight of one-eighth ounce or more" beyond a reasonable doubt.[3]

Accordingly, this Court cannot find that the state court's adjudication of this claim was not contrary to, or an unreasonable application of Jackson v. Virginia. The claim is therefore dismissed in its entirety.

## V.   Conclusion

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York,

---

[3]

To the extent Petitioner calls upon this Court to make a substantive determination of New York law and/or a statutory interpretation of Penal Law § 220.09[1], such a request is outside the purview of this Court sitting in habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-8 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")

within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:      June 1, 2011
            Rochester, New York